UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 1:07-CR-00046 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Ann Aldrich |
| | ) | |
| JOHN CUSHMEER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | MEMORANDUM AND ORDER |
| | ) | |
| | ) | |

Before the court are a number of pretrial motions: (1) defendant John Cushmeer's ("Cushmeer")

motion for disclosure of *Brady* and *Giglio* materials [Docket No. 25]; (2) Cushmeer's motion for notice

of evidence to be introduced under Federal Rule of Evidence 404(b) [Docket No. 26]; (3) Cushmeer's

request for notice of evidence to be used in plaintiff United States of America's (the "Government")

case-in-chief pursuant to Federal Rule of Criminal Procedure 12(b)(4)(B) [Docket No. 27]; (4)

defendant Larry Radcliff's ("Radcliff") motion for disclosure of *Brady* and *Giglio* materials [Docket No.

28]; (5) Radcliff's request for notice of evidence to be used in the Government's case-in-chief pursuant

to Federal Rule of Criminal Procedure 12(b)(4)(B) [Docket No. 29]; and (6) Radcliff's motion for notice

of evidence to be introduced under Federal Rule of Evidence 404(b) [Docket No. 30]. For the following

reasons, the court denies the defendants' *Brady/Giglio* motions, grants their motions for notice of intent

to use Rule 404(b) evidence, and denies as moot their Rule 12(b)(4)(B) requests.

Under *Brady v. Maryland*, 373 U.S. 83 (1963), the Government is obligated to turn over all

exculpatory evidence to Cushmeer and Radcliff immediately, and the court has the power to order such

pre-trial disclosure. *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988). However, both

Cushmeer and Radcliff's "*Brady/Giglio*" motions [Docket Nos. 25, 28] seek (1) information regarding

promises made to witnesses, (2) information regarding consideration offered to witnesses or their families in exchange for cooperation of the witnesses, (3) false statements made by expected witnesses, and (4) other information bearing on the credibility of expected witnesses enabling their impeachment. In other words, both motions seek not exculpatory evidence, but evidence related to expected witnesses' credibility and their potential impeachment. As both Supreme Court and Sixth Circuit precedent make clear, the Government's only duty with respect to such evidence is to produce evidence relating to witnesses that actually testify, and then only to do so at trial, giving defense counsel enough time to review that material before conducting its cross-examination.

The Supreme Court in *Giglio v. United States* held only that obtaining a conviction while withholding impeachment evidence concerning a material witness was a violation of due process. 405 U.S. 150, 154-55 (1972). It did not, however, hold that such material must be provided to the defendant pre-trial. In fact, both the Jencks Act and Rule 26.2 of the Federal Rules of Criminal Procedure expressly permit the Government to refuse disclosure until after a witness has actually testified at trial. 18 U.S.C. § 3500(a); Fed. R. Crim. P. 26.2(a). In *Presser*, the Sixth Circuit held that neither *Giglio* nor *Brady* "gives the defense a general right to pre-trial discovery of evidence impeaching defense witnesses, where the prosecution denies that any such material is exculpatory and material under *Brady*." 844 F.2d at 1283. Such impeachment evidence is generally governed by the Jencks Act and Rule 26.2. *Id.* (holding that "[t]he clear and consistent rule of this circuit is that the intent of Congress expressed in the Act must be adhered to and, thus, the government may not be compelled to disclose Jencks Act material before trial") (citations omitted).

Therefore, so far as Cushmeer and Radcliff's motions seek pre-trial disclosure of material "within the ambit of the Jencks Act, then the express provisions of the Jencks Act control" and their motions are denied. *Presser*, 844 F.2d at 1283. So far as Cushmeer and Radcliff seek non-Jencks

-2-

material on promises made to potential witnesses where that evidence is not exculpatory, the court lacks the power to order pre-trial disclosure.  The court therefore denies Cushmeer and Radcliff's "*Brady/Giglio*" motions.

Cushmeer and Radcliff have also filed motions to require notice of the Government's intent to use evidence pursuant to Federal Rule of Evidence 404(b) [Docket Nos. 26, 30], or "other crimes, wrongs, or acts" evidence.  In the Government's response, the Government asserts that it does not, at this time, anticipate introducing such evidence, but that if it does, it will provide the reasonable notice required by Rule 404(b) as requested by Cushmeer and Radcliff.  The court therefore grants the motions, and directs the Government to provide reasonable notice of its intent to use Rule 404(b) evidence if and when it elects to do so.  Finally, Cushmeer and Radcliff have filed requests for notice of the Government's intent to use evidence in its case-in-chief [Docket Nos. 27, 29] pursuant to Federal Rule of Criminal Procedure 12(b)(4)(B).  Because the Government has complied with its Rule 16 discovery obligations by making all evidence available for review, the court denies the defendants' current Rule 12 requests as moot.

For the foregoing reasons, the court denies Cushmeer and Radcliff's *Brady/Giglio* motions [Docket Nos. 25, 28], grants their motions for notice of intent to use Rule 404(b) evidence [Docket Nos. 26, 30], and denies as moot their Rule 12(b)(4)(B) requests [Docket Nos. 27, 29].

IT IS SO ORDERED.

  /s/ Ann Aldrich  
ANN ALDRICH  
UNITED STATES DISTRICT JUDGE

**Dated: June 25, 2007**

-3-